JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRUCE OHR
Chief, Organized Crime &
 Racketeering Section
1301 New York Avenue, NW, Suite 700
Washington, D.C. 20005
Telephone: 202-514-5086
Facsimile: 202-514-3601
KRISTA TONGRING

Attorneys for the Government

FILED
08 APR 29 AM 10: 42
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CASE No. 97-CR-239 (MHP) |
|---|---|
| Plaintiff, | ) |
| | ) SETTLEMENT AGREEMENT |
| v. | ) |
| CURTIS DEBORD, | ) |
| Defendant. | ) |

It is hereby stipulated by and between Curtis Debord, and the United States of America, by and through their respective attorneys, as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

2. The United States of America agrees to return the 1007 M-1 carbine receivers that were seized by the United States Department of Homeland Security, Immigration and Customs

1   Enforcement. Curtis Debord agrees to give up any rights whatsoever to the 900 night vision
2   devices that were seized by the United States Department of Homeland Security, Immigration
3   and Customs Enforcement.
4       3. This shall constitute full settlement and satisfaction of any and all claims, demands,
5   rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and
6   all known and unknown, foreseen and unforeseen, damage to property and the consequences
7   thereof, resulting, and to result, from the subject matter of this settlement.
8       4. Curtis Debord hereby agrees to accept the return of the M-1 Carbine Receivers, as set
9   forth in this Settlement Agreement, in full settlement and satisfaction of any and all claims,
10  demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason
11  of any and all known and unknown, foreseen and unforeseen damage to property and the
12  consequences thereof on account of the same subject matter that gave rise to the above-captioned
13  action, including any future claim or lawsuit of any kind or type whatsoever, whether known or
14  unknown, and whether for compensatory or exemplary damages.
15      5. This Settlement Agreement is not, is in no way intended to be, and should not be
16  construed as, an admission of liability or fault on the part of the United States, its agents,
17  servants, or employees, and it is specifically denied that they are liable.
18      6. It is also agreed, by and among the parties, that the respective parties will each bear
19  their own costs, fees, and expenses.
20      7. The persons signing this Settlement Agreement warrant and represent that they possess
21  full authority to bind the persons on whose behalf they are signing to the terms of the settlement.
22      8. It is contemplated that this Stipulation may be executed in several counterparts, with a
23  separate signature page for each party. All such counterparts and signature pages, together, shall
24  be deemed to be one document.
25  //
26  //
27  //
28  //

Settlement Agreement - 2

```
 1   Executed this 26th day of April, 2008

 2   [signature]
 3   _____
     Krista Tongring
 4   Attorney for Defendant,
     United States of America
 5

 6   Executed this 26th day of April, 2008
 7   [signature]
 8   _____
 9   Robert Sanders, Esquire
     Saeid Shafizadeh, Esquire
10   Randolph Elliott Daar, Esquire
     Attorneys for Curtis Debord
11

12   Executed this ___ day of APRIL, 2008
13   _____
14   Curtis Debord
     Plaintiff
15
```

Settlement Agreement - 3